# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

FRANK W. MALMSTEN and Another v. CHARLES J. BERRYHILL and Another.[1]

November 26, 1895.

Nos. 9406—(125).

**Right to Serve Supplemental Pleading.**

   When, subsequent to the party's last pleading, facts have transpired which are material to his case, and of which he can only avail himself by supplemental pleading, if he makes a proper showing, and is not guilty of unreasonable delay in moving for leave to serve and file such pleading, the court has no discretion, but it is its duty to grant such leave.

**Same—Pleading Untrue.**

   But *held*, in this case it sufficiently appeared—largely from the moving party's own affidavits—that his proposed supplemental pleading was untrue, and it was not error for the court to refuse leave to file the same.

**Action to Cancel Bond for Deed.**

   In an action to cancel a bond for a deed on the ground that the vendee had failed to perform on his part, *held*, the court did not err in not giving him a longer time in which to perform before cancellation.

   Appeal by defendants from a judgment of the district court for Hennepin county in favor of plaintiffs, entered in pursuance of the order of Hicks, J.   Affirmed.

   *Charles J. Berryhill*, for appellants.

   *Ankeny & Irwin*, for respondents.

[1] Reported in 65 N. W. 88.

   v. 63 M.—1

CANTY, J. On June 26, 1891, plaintiffs were the owners of a certain tract of land in the city of Minneapolis, and on that day made a bond for deed, by the terms of which they agreed to convey said land to one Scott for the sum of $4,000, of which sum $200 was to be paid in cash, $300 within 90 days thereafter, $500 on January 1, 1892, and the balance of $3,000 in three payments of $1,000 each, to be paid one on January 1 of each of the years 1893, 1894, and 1895; said payments to bear interest at the rate of 7 per cent. per annum. The last three payments were, in the bond, designated as deferred payments. There was at the time a mortgage of $1,000 on this and other land, and the bond further provided: "It is also agreed that upon the payment of the sum of five hundred dollars, which is the one-sixth part of the said deferred payments, said obligors will execute and deliver a deed as hereinafter mentioned of a several one-sixth part of the said property so conveyed upon request; and, if any such mortgage be made as hereinbefore specified, such mortgage shall contain a like provision of release of the said property from the lien thereof." "That the said vendors shall take up and pay the mortgage now upon the said property in so far as the said mortgage incumbers the fee of the said property herein mentioned at any time prior to the execution of the deed or deeds hereinbefore stated." On the same day that the bond was made it was assigned by Scott to the defendant Charles J. Berryhill.

On January 6, 1893, there was past due and unpaid the $1,000 due January 1, 1893, and interest thereon, and also $200 of the prior instalments and interest thereon, and on said January 6 the plaintiffs commenced this action to cancel said bond for such default in payment. The defendants answered, admitting all of said facts. Thereafter, by leave of the court, a supplemental answer was filed, alleging that on February 17, 1893, said $200 remaining past due prior to January 1, 1893, and interest thereon, was duly paid to plaintiffs. This was admitted by plaintiffs, and there was now no controversy between the parties as to the facts in the case, and plaintiffs, on notice, applied for judgment on the pleadings, and thereupon, on April 20, 1893, the court made an order declaring that plaintiffs were entitled to judgment canceling and annulling said bond unless on or before August 15, 1893, defendants pay

said $1,000 so due January 1, 1893, and interest thereon; but that defendants might, on or before said August 15, avail themselves of the provision of the bond first above quoted, pay $500 and interest thereon and the costs of this action, and receive a deed of a several one-sixth part of the premises, to be freed by said plaintiffs from the lien of said prior mortgage. This is all of this order that it is necessary here to recite. On August 16, 1893, plaintiffs, without notice, entered up judgment on said order, canceling said bond. On November 6, 1893, defendants moved the court on the affidavits of defendant Charles J. Berryhill and one Prouty to set aside said judgment. The motion was heard on January 24, 1894, and the court vacated the judgment. Thereupon plaintiffs gave notice of motion to re-enter judgment, and defendants made a counter motion for leave to file a second supplemental answer. These motions were heard together March 3. The motion of defendants was denied, and that of plaintiffs granted. Pursuant to the last order, judgment was entered April 13, 1894, canceling said bond, and defendants appeal.

We are of the opinion that it was not error for the court below to refuse defendants leave to file their second supplemental answer. This answer alleges that on August 15, aforesaid, defendants tendered to A. T. Ankeny, plaintiffs' attorney in this action, the sum of $591.30, being the $500 and interest thereon necessary to be paid under the provisions of said bond and said first order to entitle them to a deed of the one-sixth part of said land, and then and there demanded of said Ankeny a deed of the north half of the easterly one-third of said land, and a release of the prior mortgage as to the same; that said Ankeny then and there refused to procure either the deed or the release, and thereupon defendants declared the contract rescinded, and demanded back all payments theretofore made by them, and this was proposed to be set up as a defense to this action. When the party offering to serve and file such a supplemental pleading makes the proper showing, and is guilty of no unreasonable laches, it is not a discretionary matter, but it is the duty of the court to allow it. But we are of the opinion that in this case the defendants have not only failed to make any such showing, but that, on the affidavits, the court would have been justified in striking out the supplemental answer as sham after it had been allowed.

In the affidavits of Berryhill and Prouty in support of the motion, it is stated that at the office of Ankeny in Minneapolis, Berryhill, in Prouty's presence, offered to pay Ankeny said sum of $591.30 by giving him a check for that sum on a bank in St. Paul, and that Ankeny waived the production of the money. It is further stated in Berryhill's affidavit that after Ankeny refused to deliver the deed or procure a release of the mortgage he "proposed to defer the said matter until the next day," which Berryhill refused to do. It is stated in Prouty's affidavit that, "after Mr. Berryhill demanded the deed and the release of the mortgage, said Ankeny said he could not and would not get a deed or release on that day, or attempt to do either, and proposed that the matter be deferred until the next day, when he said he would be ready." Ankeny, in his counter affidavits, states that the reason he did not have ready the particular deed and release called for on August 15 was that for some time prior thereto the parties had been negotiating a settlement on a different basis, and he did not know whether a deed pursuant to this settlement would be called for, or a deed pursuant to some one of the other ways in which defendants might, under the bond and order, elect to proceed. He denied that he waived production of the money, but stated that it would be useless to produce it that evening, for the reason that he did not have the paper ready. He further states: "Affiant further stated that he would at once prepare a deed for said north 80 feet, and have it executed that evening; that said Malmsten was then at work as a machinist over in East Minneapolis, and that his wife resided at the end of the Western avenue street-car line,—nearly four miles apart; that it was then nearly 4:30 o'clock p. m., and that, if said Berryhill would bring in the money the next day at any time during banking hours, he (affiant) would be ready to so close the matter." Berryhill went away, and for more than six months afterwards made no attempt to set up by supplemental answer the facts which he claimed transpired on that day. It is true that the first judgment was entered the next day, August 16, but he claims that he did not know that for about two months afterwards, when he moved to set it aside.

We are of the opinion that it sufficiently appears (largely from their own affidavits) that defendants' proposed second supplemental answer is untrue; that plaintiffs refused to comply with defendants'

demands made on August 15, only so far as those demands were unreasonable; and that, under the circumstances, plaintiffs had a right to insist on time until the next day to procure the deed and release, and that this demand without waiting a reasonable time for compliance with the same furnished no ground for the attempted rescission of the contract by defendants.

The right to try this question of rescission is really all that was denied defendants by refusing to allow this second supplemental answer, as there was no controversy as to any facts in the case except those therein alleged. The second order for judgment, made on March 5, gave defendants a right within 10 days after written notice of the filing thereof to give notice of their intention to elect to pay said sum of $500, interest and costs, and to demand such deed and release for such several one-sixth of the land, and upon the execution and delivery into court of such deed and release, to pay said sum, interest and costs, within 30 days after the said notice of the court's order. The notice of the filing of the order was served on defendants March 5, and they wholly failed to give notice of any such election, or pay any of said sums, and thereupon the second judgment was entered. Neither can we hold that, under all the circumstances of the case, the court below erred or abused its discretion in not giving defendants any longer time in which to comply with the terms of the contract.

Judgment affirmed.